COMMONWEALTH *vs.* SHAWN F. SIMS. No. 95-P-1443. July 30, 1996. *Accessory and Principal. Homicide. Evidence,* Prior misconduct. *Practice, Criminal,* Argument by prosecutor.

Convicted by a Superior Court jury of being an accessory after the fact of murder, G. L. c. 274, § 4,[1] and of unlawful possession of a firearm, G. L. c. 269, § 10(*h*), the defendant appeals, principally claiming his motion for a required finding of not guilty on the accessory charge should have been allowed. He argues the Commonwealth failed to introduce any evidence that he had the specific intent to provide aid to a friend, Jessica Hassett, in escaping arrest or punishment. It is not disputed that Hassett killed Keith McCabe with a single shot from a handgun at about 2:30 A.M. during a fight between the defendant and McCabe in Worcester on October 17, 1993. The defendant claims he never concealed Hassett as the shooter and that he, in fact, suggested that they go to the police. Hassett and the defendant voluntarily surrendered to the police at about 11 P.M., the next day, October 18, 1993.

The evidence, which we view most favorably to the Commonwealth, shows that the defendant and Hassett left the scene immediately after the shooting. They went to the apartment of a friend of the defendant at about 4 A.M. on October 17, 1993, staying until about 2:30 P.M. that day. While there, Hassett showed the friend a handgun and described how she had shot a man who was fighting with the defendant. At the apartment, the defendant asked Hassett to give him the gun so that he could hold it, and he put it in his pocket. He later said that it was his gun, that he obtained it the day before the shooting, and that he was going to get rid of it. The defendant indicated he was thinking of turning himself in but he did not want to leave Hassett because she previously had helped him. Another friend of the defendant received telephone calls from him at about 4 A.M. and 1 or 2 P.M. on October 17, 1993, in which he indicated he and Hassett might be going away. The gun was never found.

1. *Denial of motion for a required finding of not guilty.* The facts and circumstances of the defendant immediately leaving the scene of the shooting with Hassett, his asking Hassett for the gun and putting it in his pocket, his expressions of intent to go away with Hassett and get rid of the gun, and his not going to the police until the next day, in combination provide ample ground for a reasonable inference that the defendant provided the aid, proscribed by G. L. c. 274, § 4, to Hassett, intending that she avoid arrest. See

---

[1]The statute, inserted by St. 1943, c. 488, § 1, states in pertinent part: "Whoever, *after the commission of a felony, harbors, conceals, maintains or assists the principal felon . . . or gives such offender any other aid, knowing that he has committed a felony . . .,* with intent that he shall avoid or escape detention, arrest, trial or punishment, shall be an accessory after the fact, and, . . . be punished . . . ."

*Commonwealth* v. *Kelly*, 1 Mass. App. Ct. 441, 448-450 (1973) (The grava- men of the crime is "the obstruction of justice"). See also Nolan & Henry, Criminal Law § 634 (2d ed. 1988); LaFave & Scott, Substantive Criminal Law § 6.9(a) (1986 & Supp. 1996). That the defendant and Hassett volun- tarily surrendered the next day does not preclude conviction because time is not an element of the offense, nor is there any suggestion in the statute that the obstruction of justice continue for any prescribed period or that it be successful. The defendant's initial motion for a required finding of not guilty, therefore, properly was denied. The Commonwealth's evidence did not deteriorate during the defendant's case. To the contrary, when the de- fendant testified, he admitted he took the gun, accompanied by Hassett, to Providence where he gave it to a friend and asked him to dispose of it.

2. *Alleged improper evidence of other misconduct.* The defendant argues that, during cross-examination, the prosecutor improperly introduced evi- dence of his possession of a handgun after McCabe's shooting from which the jury could conclude he was a dangerous person, one who would be likely to help a felon avoid arrest. This evidence was introduced in response to the defendant's assertion, elicited during cross-examination, that he did not know how the gun used by Hassett worked because he "never had a gun." The prosecutor then sought to establish that the defendant appeared in a photograph, taken after the shooting of McCabe, holding a handgun of similar size. The judge allowed the inquiry but excluded the photograph from evidence. The prosecutor made no mention of the photograph in his closing. The defendant's claim that the prosecutor's reference to the photograph raised an image of misbehavior or of bad character, see *Com- monwealth* v. *Trapp*, 396 Mass. 202, 206 (1985), is a strained depiction of what the jury actually heard, and unwarranted because nothing in the brief questions and answers indicated the apparent possession was unlawful or even improper. In the circumstances, we perceive no palpable error in the judge's allowance of the prosecutor's brief inquiry. Cf. *Commonwealth* v. *Young*, 382 Mass. 448, 462-463 (1981); *Commonwealth* v. *Brousseau*, 421 Mass. 647, 650-651 (1996). The defendant also asserts that the prosecutor was obligated to make a prior disclosure of the photograph and that if he had known the prosecutor would use such evidence, he probably would not have decided to testify. The Commonwealth's evidence of the defendant's guilt was not contradicted in the defendant's case, and he fails to show how his convictions would have been affected without his testimony.

*Judgments affirmed.*

*David M. Skeels*, Committee for Public Counsel Services, for the defen- dant.

*William E. Loughlin*, Assistant District Attorney, for the Com- monwealth.